■ In the Matter of WILLIAM R. JAYCOX, Petitioner, v EDWIN D. REILLY, JR., as Niskayuna Town Supervisor, et al., Respondents.—Proceeding pursuant to CPLR article 78 (transferred to this court by order of the Supreme Court at Special Term, entered in Schenectady County), to review a determination of respondents finding petitioner guilty of misconduct in the performance of his duties and imposing certain penalties therefor. First engaged by the Town of Niskayuna in 1965 as a sewage plant trainee, petitioner was eventually promoted to the position of chief sewage plant operator in 1972 and he served in that capacity until August of 1976 when three charges of misconduct were preferred against him. On September 28, 1976, following a hearing before the town board, petitioner was found guilty of one of those charges, and the most serious of them: namely, that he had been absent without permission from his place of employment on October 10, 1975 for a period of one and one-half hours. The town board thereupon suspended petitioner without pay for 35 days and demoted him to the position of sewage plant operator II with a corresponding reduction in salary. This article 78 proceeding ensued. Petitioner questions both the sufficiency of the evidence upon which the finding of misconduct was based and the appropriateness of the sanctions imposed on him, but only his latter argument possesses merit. His superior testified that permission to be absent from the plant had not been granted and one who toured the facility during the time in question related that petitioner was not present and would have been observed had he been at his assigned post. Petitioner did not challenge these accounts or offer an explanation of his whereabouts. While this evidence was not conclusive, it was certainly substantial and provided more than adequate support for the determination of misconduct. Recognizing that judicial review of the measure of discipline is limited, we nevertheless believe that the instant penalty of suspension and demotion is so disproportionate to the offense proven as to be shockingly unfair. There is no indication that petitioner's lengthy prior service was unsatisfactory in any respect and this isolated absenteeism of short duration was not shown to have posed a risk of harm to the public generally or the sewage plant in particular. Others worked at this facility and petitioner had been relieved of personal attendance in the past to carry out authorized tasks elsewhere. Thus, it cannot be said, at least on this record, that his dereliction of duty jeopardized plant operations. While his infraction merited punishment to deter similar recurrences, it did not involve grave moral turpitude and the town board abused its discretion in penalizing him beyond a suspension without pay. Its determination should be modified accordingly (Matter of Pell v Board of Educ., 34 NY2d 222). Determination modified, by annulling so much thereof as demoted petitioner to the position of sewage plant operator II and by directing that petitioner be restored to the position of chief sewage plant operator with full reimbursement of salary and benefits

from October 4, 1976 to the date of reinstatement less any earnings received by him during this period, and, as so modified, confirmed, without costs. Koreman, P. J., Greenblott, Sweeney, Kane and Mahoney, JJ., concur.